
FILED
FEBRUARY 12, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| GLENN ARTHUR THOMAS, PRO SE, | § | |
| also known as | § | |
| GLEN A. THOMAS, | § | |
| TDCJ-CID No. 770520, | § | |
| Previous TDCJ-CID No. 450064, | § | |
| Previous TDCJ-CID No. 392062, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0060 |
| | § | |
| BOARD OF PARDONS AND PAROLES, | § | |
| GENE HOOD, | § | |
| JOE NUNN, and | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE ID, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff GLENN ARTHUR THOMAS, acting pro se and while a prisoner incarcerated in the Baten Intermediate Sanction Facility of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his original complaint, plaintiff claims defendant HOOD, his parole officer, lied at his parole violation and denied him the right to appeal to the Parole Board. Further, plaintiff claims the BOARD OF PARDONS AND PAROLES enforced rules that denied him the right to appeal his parole violation. Plaintiff claims defendant NUNN denied plaintiff's grievance or complaint concerning a lack of access to legal books and subjected plaintiff to cruel and unusual

punishment by forced labor, cavity searches, armed guards, HIV testing and reduced meals. Plaintiff further alleges defendant the TEXAS DEPARTMENT OF CRIMINAL JUSTICE ID has denied his complaints and continued to impose cruel and unusual punishment.

Although plaintiff alleges defendants HOOD and NUNN were acting in their official capacities when they committed the challenged acts or omissions, the Court construes this to be a contention that they were acting under color of state law, not that plaintiff is suing these defendants solely in their official capacities.

Plaintiff requests monetary damages in the amount of $9,020.00 and that defendants be "accountable for such actions by injunctive orders."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes that, because the BOARD OF PARDONS AND PAROLES is shielded by Eleventh Amendment immunity, plaintiff's damage claims against this defendant are barred by the Eleventh Amendment. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Further, to the extent there is any request for injunctive relief that applies to defendant the BOARD OF PARDONS AND PAROLES, the *Young* doctrine[3], carves an exception to operation of Eleventh Amendment immunity where prospective injunctive relief is sought; however, to avail himself of this exception, a plaintiff must be seeking declaratory and injunctive relief against state officers in their individual capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *accord, Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582 (Tex.App.--Houston [14[th] Dist.] 1987, writ ref'd n.r.e.) (when seeking injunctive relief that involves the activity of a state agency, the plaintiff must sue some individual in authority at the agency, not the agency itself). Plaintiff has not sued any state officer in an individual capacity who is connected with the BOARD OF PARDONS AND PAROLES except defendant HOOD. Plaintiff's claims against this defendant are analyzed below.

By his allegations of deliberate indifference, malicious prosecution and due process violations against defendant HOOD, plaintiff asserts a claim which challenges or calls into

---

[3]*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

question the outcome of his parole violation proceedings and subsequent detention at the Baten

I.S.F.  Any section 1983 claim which attacks the unconstitutionality of a conviction (or

imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been

terminated favorably to the section 1983 plaintiff.  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct.

2364, 2372, 129 L.Ed.2d 383 (1994).  Plaintiff's allegations demonstrate he has not obtained a

favorable termination with respect to any challenge to the subject parole revocation or parole

revocation hearing.  Therefore, plaintiff's claims against defendant HOOD are barred until the

parole revocation has been "reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus."  *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir.

1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Plaintiff claims defendant Warden NUNN at Baten I.S.F. denied plaintiff's grievance or

complaint concerning a lack of access to legal books and subjected plaintiff to cruel and unusual

punishment by forced labor, cavity searches, armed guards, HIV testing and reduced meals.

Concerning the lack of access to legal books, the precise constitutional right involved in

plaintiff's claim is the right of adequate, effective and meaningful access to the courts, *Bounds v.

Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not

unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file

nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement,

*Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S.

343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).  If a litigant's position is not prejudiced by

the claimed violation, his claim of denial of access to the courts is not valid.  *Henthorn v.

*Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d

593 (1992).  An inmate alleging denial of access to the courts must demonstrate an actual injury

stemming from the defendants' unconstitutional conduct.  *Lewis v. Casey*, 518 U.S. 343, 351-54,

116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.

1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts

claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).  Even assuming plaintiff has alleged

an instance of unconstitutional conduct, plaintiff has utterly failed to allege any facts showing he

suffered an actual injury as a result.  Consequently, with respect to access to courts, plaintiff has

failed to state a claim on which relief can be granted.

Plaintiff further claims defendant NUNN subjected him to cruel and unusual punishment

because he was subjected to forced labor, cavity searches, armed guards, HIV testing and

reduced meals.

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual

punishment must show deliberate indifference on the part of prison officials.  *Wilson v. Seiter*,

501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  The appropriate definition of "deliberate

indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal

law."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994);

*Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994).

In this regard the Supreme Court has cautioned:

[A] prison official cannot be found liable under the Eighth Amendment . . . unless
the official knows of and disregards an excessive risk to inmate health or safety;
the official must both be aware of facts from which the inference could be drawn
that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.  It is only under exceptional

circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by

the obviousness of the substantial risk.

Plaintiff has not alleged facts showing defendant NUNN was deliberately indifferent to

an inference that plaintiff was confined in conditions posing a substantial risk of serious harm.

Instead, plaintiff's allegations describe the normal incidents of prison life.  He did not indicate he

was singled out, but only that he considers these aspects of his incarceration to be cruel and

unusual.  There are several important functions of the corrections system, one of the most

important being the "institutional consideration of internal security within the corrections

facilities...."  *Pell v. Procunier*, 417 U.S. 817, 823, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).

It cannot be doubted that prison security is a legitimate penological objective.  *See, e.g., Brewer

v. Wilkinson*, 3 F.3d 816, (5th Cir. 1993); *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77

(5th Cir. 1992).  Armed guards and cavity searches are reasonable security measures in a prison

setting, and are necessary for the safety of both personnel and inmates.  As for being forced to

work, an inmate may be required to work without pay.  The Thirteenth Amendment abolishes

"slavery [and] involuntary servitude, except as punishment for crime whereof the party shall

have been duly convicted. . ."  *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *superseded

and reinstated* on this point by *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991), (quoting the

Thirteenth Amendment to the United States Constitution, section 1).  "[I]nmates sentenced to

incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires

them to work."  *Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001).  As to HIV testing, plaintiff does

not indicate what his complaint is in this respect and, therefore, has failed to state a claim of any

sort.  Further, plaintiff alleges absolutely no harm in connection with his brief mention of

"reduced meals."  Inmates may only expect that the society they once abused will provide them

with constitutionally adequate confinement, not "the amenities, conveniences and services of a

good hotel."  *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(quoted with approval in

*Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989).  To the extent prison conditions are

merely harsh or restrictive, "they are part of the penalty that criminal offenders pay for their

offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69

L.Ed.2d 59 (1981).

Lastly, plaintiff alleged defendant the TEXAS DEPARTMENT OF CRIMINAL

JUSTICE ID denied his complaints and continued to impose cruel and unusual punishment.  The

eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is

settled law in this circuit.  *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see,*

*Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989).  Therefore, the

Texas Department of Criminal Justice is not a "person" within the meaning of section 1983.  *Will*

*v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45

(1989).  Plaintiff's claim against the Texas Department of Criminal Justice is barred by sovereign

immunity.

### CONCLUSION

For the reasons set forth above, plaintiff's claims against defendant HOOD lack an arguable basis in law and are frivolous until the *Heck* conditions have been met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  Plaintiff's claims against defendant NUNN are frivolous and fail to state a claim on which relief can be granted.  Plaintiff's remaining claims against the  BOARD OF PARDONS AND PAROLES and the TEXAS DEPARTMENT OF CRIMINAL JUSTICE fail to state a claim over which this Court has jurisdiction[4].

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GLENN ARTHUR THOMAS against defendant HOOD BE DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) and plaintiff's claims against defendant NUNN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.  Further, it is the RECOMMENDATION of the Magistrate Judge to the United states District Judge that plaintiff's claims against defendants the BOARD OF PARDONS AND PROLES and the TEXAS DEPARTMENT OF CRIMINAL

---

[4]"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."  *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

JUSTICE be DISMISSED WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF

CIVIL PROCEDURE 12(b)(1).

The United States District Clerk shall mail a copy of this Report and Recommendation to

each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED THIS 12th DAY OF FEBRUARY, 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).